UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN KOHUTE,

        Plaintiff,

       v.

NEW YORK TIMES NEWSPAPER AGENCY,

        Defendant.

Case No. 26-cv-06352-HSG

**ORDER OF TRANSFER**

Petitioner, who is currently housed at Smith County Jail in Tyler, Texas, has filed this *pro se* action. Petitioner commenced this action by filing a form petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No 1), but it is unclear if he is seeking habeas relief. Petitioner has named the New York Times Newspaper Agency as the Respondent. For "dates and terms of sentence," Petitioner lists "peanut better & jelly sandwiches." Petitioner reports that there has not been a trial or sentencing; but also reports that he was sentenced for the crime of "Harassment to public servant, Judge Taylor Heaton." Dkt. No. 1 at 1. Petitioner's grounds for relief are unintelligible. His first claim states: "Motion to squash a non prosecution affidavit by Officer C. Wiser, violation of discovery process. Officer Saxton considered information in report jury trial violations civil rights violation." His second claim states: "Parole assessment exam to tell parole agents which address to parole out too. Call halfway house Ben Reeves in Houston TX and Garny Unit Prison TDCJ Prison ID desk at Tennessee Colony TX prison front desk phone #." His third claim states: "Governors Parden 508.114, 508.050, Presidential Pardons 24-481-03(B)(2). I-213 records of deportation record for . . . green card permit." Dkt. No. 1 at 2.

Petitioner does not appear to be challenging the fact or length of his custody; is housed in Tyler, Texas; and references individuals and agencies in Texas. However, whether this action is

intended to be a habeas proceeding or a civil rights action, the proper venue for this action is the Eastern District of Texas and not this district.

Venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). Petitioner is confined in Smith County, which is located in the Eastern District of Texas. 28 U.S.C. § 124(c)(1). If this action is intended to be a habeas action, the proper venue is the Eastern District of Texas. 28 U.S.C. § 2241(d).

The proper venue for a civil rights action generally is the judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Petitioner has made no allegations regarding the named respondent, the New York Times Newspaper Agency. Petitioner resides in Smith County. Petitioner appears to be seeking relief related to his ongoing criminal court proceedings, or his parole, or his immigration status. Presumably any events related to the criminal court proceeding, his parole, or his immigration status would have occurred in Smith County, where Petitioner is incarcerated. If this action is intended to be a civil rights action, the proper venue is the Eastern District of Texas. 28 U.S.C. §§ 124(c)(1), 1391(b).

Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Eastern District of Texas. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:    7/7/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

2